UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

KATHLEEN MARY ANDREWS,

            Plaintiff,

   v.                                                       Case No. 21-cv-0369-bhl

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

           Defendant.
_____

## ORDER
_____

        On December 1, 2022, the Court entered judgment in this case, affirming the Acting Commissioner of the Social Security Administration's decision to deny Plaintiff Kathleen Mary Andrews' application for Disability Insurance Benefits under the Social Security Act. (ECF No. 23.) Andrews then appealed to the Seventh Circuit, where the case is currently pending. (ECF No. 24.) On May 19, 2023, the Acting Commissioner filed an unopposed motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), which permits a court to relieve a party from a final judgment for "any [] reason that justifies relief." (ECF No. 28.) According to the Acting Commissioner, "after considering the arguments Andrews raised on appeal, [she has] . . . determined that this matter should be remanded back to the Administrative Law Judge (ALJ)." (*Id.* at 1.) The Acting Commissioner does not identify what arguments led to this abrupt change of course. But if both sides seek a remand for further consideration by the ALJ, this Court sees no reason not to acquiesce.

        But the procedural posture of this case poses an obstacle to the parties' request. Because the case is presently on appeal, this Court lacks jurisdiction to grant Rule 60(b)(6) relief, but it may "consider the [Acting Commissioner's] motion." *Brown v. United States*, 976 F.2d 1104, 1110 (7th Cir. 1992). In these circumstances, the proper course is to either deny relief, or "if the court is inclined to grant relief, to so indicate so that [the court of appeals] may order a speedy remand." *Id.* at 1110-11. This practice was codified in Federal Rule of Civil Procedure 62.1,

which provides, in relevant part: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state . . . that it would grant the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(a)(3). The Acting Commissioner's motion is timely. Motions filed under Rule 60(b) "must be made within a reasonable time . . . no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). The pending motion arrived about five and a half months after the entry of judgment, as soon as the Acting Commissioner realized it was necessary. (ECF No. 28 at 1.) And considering that the parties agree that relief from judgment is appropriate, (*Id.* at 3), the Court is inclined to grant it.

Accordingly,

**IT IS HEREBY ORDERED** that pursuant to Fed. R. Civ. P. 62.1(a)(3), the Court states that it would grant the Acting Commissioner's pending motion for relief from judgment under Fed. R. Civ. P. 60(b)(6), (ECF No. 28), should the court of appeals remand for that purpose.

Dated at Milwaukee, Wisconsin on May 23, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge